Mr. Justice Clayton
delivered the opinion of the court.
An execution, issued on a judgment of C. Marsh <fc Co. against Benjamin Williams and John S. Gooch, which was levied on real and personal estate, sufficient to have satisfied it, on the first of September, 1837. Some years afterwards, another execution issued on the judgment, which was levied on the land in controversy, which was sold to the lessor of the plaintiff, and a sheriff’s deed made therefor. This suit is brought to recover the possession. To defeat the recovery, the defendant proved the levy made in September, 1837, and relied on it as satisfaction of the execution. To rebut this, the plaintiff gave, in evidence, an order of the court made at the May term, 1842, directing satisfaction to be entered of several judgments, the executions on which, were returnable to the October term, 1837, of the court, the same having been fully paid by the proceeds of the sale of the property levied on by the sheriff, on the first of September, 1837. These judgments, on which satisfaction was so directed to be entered, were older than the judgment under which this sale took place, and their amount appears to have been much greater than the sum produced by the sale of the personal property contained in the levy.
It is settled, that a levy on personal property is only -prima facie evidence of satisfaction of an execution. Banks v. Evans, decided at this term. (Ante, 35.) A levy on real estate does not amount to satisfaction at all, because there is no change of property or of possession until sale. It was competent to the plaintiff to show, that the presumption of satisfaction was repelled, and that there had been no actual satisfaction.
The evidence was proper to go to the jury, and the conclusion drawn from it was well warranted. There is nothing to justify us in setting aside their verdict.
*586 It is said there was no proof of the possession of the defendant at the time of the suit brought. The evidence was, that her tenant held the possession for her. In Wallis v. Doe on dem. of Smith's heirs, 2 S. & M. 220, it is decided, that proof of possession by the tenant, is proof of the landlord’s possession, and is sufficient. See, also, 5 S. & M. 470.
The judgment is affirmed.