Honolulu, November 3, 1884.

---

UN WONG, Administrator, *vs.* KAN CHU *et al.*

EXCEPTIONS TO RULINGS OF McCULLY, J.

OCTOBER TERM, 1884.

JUDD, C. J.; McCULLY and AUSTIN, JJ.

Ejectment under our statute is not merely a possessory action; it tries the title as well.   It is enough to show that the persons in actual occupancy are holding under the adverse claimants in the suit.

Where plaintiff claimed the whole land, but the verdict was for an undivided half; held the verdict was proper; following Nahinai vs. Lai, 3 Hawn., 317.

A surviving partner holds partnership property to pay firm debts, after which the share of the deceased partner goes to his heirs or administrators.

OPINION OF THE COURT, BY JUDD, C. J.

THIS is an action of ejectment by the administrator of the estate of Pauoa, deceased, to recover possession of certain premises on Hotel street, Honolulu, claimed by plaintiff under an unexpired lease from Kaanaana, defendant.

The case was tried at the July Term, 1884, of this Court, and resulted in a verdict for plaintiff for one undivided half of the land.

It appears by the evidence that defendants were not in actual possession of the premises, but that the defendant Kan Chu, as the lessee of Kaanaana, had sublet the rooms in the house on the land by the month to various tenants, who are not parties to this suit. At the close of the plaintiff's evidence, the defendants' counsel moved for a non-suit on the ground that defendants were shown not to be in possession of the premises. This was refused. The question raised by the bill of exceptions is whether this ruling was erroneous.

It is urged by defendants' counsel that, as ejectment is a possessory action, the suit must be brought against the person in the actual occupation or enjoyment of the land. Many authorities are cited to sustain this view. Sedgwick and Wait, Trial of Title to Land, Sec. 231. Tyler on Ejectment, p. 471, and cases cited.

By our statute law ejectment is not merely a possessory action. It tries the title as well. The language of Sec. 1118 of the Civil Code, in giving a form of the complaint, is: "In actions to recover at law any specific share or interest, or right to property, real or personal in kind, as in cases of replevin or of ejectment," and the form of declaration is given. The form requires the plaintiff to give the metes, bounds, quantity and locality of the land, and to state *the kind of title* claimed by him. Ejectment, then, may be used to recover real property, or any share, interest or right therein.

We think it sufficient for the plaintiff to show that the persons in actual occupancy of the premises are holding under the defendants, who are the adverse claimants. Such is this case. See Sedgwick and Wait, Sec. 236; *Hind vs. Tuttle*, 2 D. Chip., Vt. 43; *Smith vs. Walker*, 18 Miss., 584.

The defendant produced the lease to himself from Kaanaana and wife, dated 1st March, 1884, and plaintiff showed that the premises were occupied by sub-tenants, holding by the month, paying rent to Kan Chu.

We notice that the New York statute prescribes that it shall be sufficient for the plaintiff to aver in his declaration in actions of ejectment, that on some day therein specified, and which shall be after his title accrued, he was possessed of the premises in question, etc., etc., and that the defendant afterwards entered

into such premises, and that he unlawfully withholds from the plaintiff the possession thereof, etc. The statute further requires that, "if the premises for which the action is brought are actually occupied by any person, such actual occupant shall be named in the declaration." 2 Revised Statutes N. Y., p. 312.

We apprehend that in most jurisdictions the matter we are discussing is settled by statute. Of course, the judgment will only be operative against such persons as are made parties to the suit. But we do not think that we could sustain an action of ejectment merely to settle the title against an adverse claimant out of possession, the possession of the premises being shown to be in third persons holding adversely to the defendant.

In the case before us, the writ of possession on the verdict of the jury for one undivided half of the land will let the plaintiff in to the enjoyment of half the rents paid by the sub-tenants, as a co-tenant of Kan Chu, and to possession of an undivided half of the premises, when these tenancies expire. We think the Court was right in refusing a non-suit.

The next question raised by the exceptions is, whether the Court erred in refusing to charge that "no verdict can be given for an undivided half, because no demand was shown." The defendant admitted at the trial that plaintiff had demanded that possession of the premises be delivered up to him. The plaintiff claims in his declaration the possession of the entire premises. He recovered, by the verdict, an undivided half. That such a verdict can be sustained was decided by this Court in *Nahinai vs. Lai*, 3 Hawn., 317. In that case the plaintiffs claimed the entire estate, but the evidence showed that they and defendant were co-heirs, and asked for and recovered a verdict for a moiety only. The Court ordered judgment on the verdict.

The remaining question requires for its complete understanding a full statement of the facts of the case.

Kaanaana leased, by an instrument recorded 9th August, 1879, but dated the 1st September, 1879, a house on the premises in dispute, to Pauoa, for a term of ten years, and by an instrument, dated 27th August, 1879, and recorded same day, Pauoa sold and assigned to Moon Hop (who is also known as Man Hop, and also as Yee Man), a half of his interest in the lease of Kaanaana, and

the instrument declares that "henceforth Moon Hop has become a partner with me, and the rents and profits received are to be divided equally, one-half to me and one-half to Moon Hop, and so also the expenses laid out on the buildings and appurtenances, one-half is to be borne by me and one-half by Moon Hop."

Further, Kaanaana, by an instrument dated the 8th February, 1880, and recorded on the 14th February, 1880, leased to Pauoa for ten years what was left unleased of the premises, and merged therein the house included in the former lease. By an instrument dated the 5th January, 1880, Pauoa sells and assigns to Man Hop one-half of his right in the lease of Kaanaana to himself, and declares that "Man Hop has come in as a partner of mine, and has an interest in my rights in the house lot, for which the lease was made, on the 8th February, 1880, and hereby Man Hop has authority to manage all the personal property of us two."

Pauoa went to China, and died in 1881. Plaintiff, Un Wong, is his administrator. Demand was made in February, 1884, by Kaanaana's attorney, of Man Hop (Yee Man) for rent. A settlement of this and other matters in controversy was arrived at, which was signed by Kaanaana and Yee Man (Exhibit F). It recites that, whereas Kaanaana has brought a suit against Yee Man for $1,763 68 for money loaned, and for rent of the premises in dispute, and Yee Man claims to be allowed $993 05 for goods, board and lodging, etc., for Kaanaana and family; the parties settle the matter in controversy as follows:

1st. "Said Yee Man hereby surrenders all claim to said premises, on Hotel street, being the same more particularly mentioned and intended to be demised in two certain leases of said Kaanaana to Pauoa (Pa Wong), dated respectively September 1, 1879, recorded liber 58, page 455, and February 8, 1880, recorded liber 61, page 87, and further releases all claim of or under or by virtue of said claim of $993 05, and hereby admits that he is indebted to said Kaanaana in the sum of $1,000," for which he gives his note, etc.

2d. Kaanaana withdraws his suit and pays costs, and also a mortgage of Yee Man's to one Hung Chung, of $700, etc.

It is claimed by defendant's counsel that as Pauoa and Yee Man were partners in the leaseholds, this property became, on

the death of Pauoa, vested in Yee Man as the surviving partner; that Yee Man held the leaseholds for the purpose of winding up the firm, and he did so by the instrument above referred to; that Yee Man surrendered the interest of his deceased partner, as well as his own, to Kaanaana; that the administrator cannot bring this action.

It is in evidence that the parties to the surrender knew of the existence of the claims of Pauoa's relatives, but that it was executed in defiance of them. Also, that the sum of $993 05 allowed, included and settled all claims for rent by Kaanaana against the Pauoa lease. Also, that the $1,000 for which Yee Man gave his note, was for money loaned Yee Man, and which he expended on his private account, not connected with Pauoa.

The general rules of law in regard to partnership property are well settled. The surviving partner has the title of the firm property, and holds it in trust to pay firm debts, and when the debts are settled, the property, if real, passes to the heirs of the deceased partner, and if personal, to the administrator.

In the case at bar, the partnership debts, *i. e.*, the rents due, were paid by Yee Man in the settlement with Kaanaana; but the larger amount due by Yee Man was for private account. The title in what remained, to wit, the one-half interest in the unexpired term, passes to plaintiff, as administrator. The surrender does not cover, in express terms, the interest of Pauoa in the leasehold, and Yee Man did not undertake to execute it in a manner so as to bind him as surviving partner. To extend by implication the surrender so that it shall include the interest of Pauoa, for which no consideration was passed to his representative, would not be just. By the instrument of surrender, Yee Man sold to Kaanaana his interest in the partnership property (the lease), but that does not make Kaanaana a partner of Pauoa or his representatives. The sale by Yee Man of his interest in the partnership property puts it now out of his power to any longer act as surviving partner. He has paid the partnership debts and sold his interest. This winds up the partnership, and the interest of the deceased partner then became the property of personal representatives. Chancellor Kent, in 3 Kent Com., 37, says: "On the death of one partner, his representatives become

tenants in common with the survivor; and with respect to *choses in action*, survivorship so far exists at law, that the remedy to reduce them into possession vests exclusively in the survivor, for the benefit of all the parties in interest." "The interest of each partner in the partnership property is his share in the surplus, after the partnership accounts are settled and all just claims are satisfied."

The lease must be treated as the surplus, for, as we have seen, the debts were paid and the share of one partner sold.

We think the words in the assignment by Pauoa to Yee Man are insufficient to create a power coupled with an interest, with the incident of irrevocability of such a power, and therefore that the acts of Yee Man, in consenting that the sub-tenants should attorn to Kaanaana's new lessee, Kan Chu, do not bind the representatives of his deceased principal, Pauoa.

The defendant, Kan Chu, is not in the attitude of a bona fide purchaser for value. He is a lessee, with notice of a prior lease, for it is recorded.

The exceptions are overruled.

*Kinney & Peterson*, for plaintiffs.

*A. S. Hartwell*, for Kan Chu.

*W. R. Austin*, for Kaanaana and wife.

Honolulu, November 21, 1884.