*C. W. Ashford*, for the defendants.

---

MEW KUNG TUNG and Twenty Others, composing the Fishing Company of Sun Chan Lee, *vs.* WONG KA MAU and Ten Others.

## EXCEPTIONS.

HEARING, NOVEMBER 29, 1892.   DECISION, FEBRUARY 28, 1893.

JUDD, C.J., BICKERTON AND DOLE, JJ.   (By written agreement of parties and counsel, Mr. Dole joins in this decision, though he had resigned as a Justice of the Supreme Court after argument and before decision.)

Where, in an action of trespass, the issue is the title to the property alleged to be trespassed upon, the burden is upon the plaintiff to prove his title, and he, having put on such evidence in chief, may not in rebuttal introduce evidence of the same character after the defendant has closed his case.

### OPINION OF THE COURT, BY JUDD, C.J.

This is an action of trespass, begun in the Police Court of

Ewa, Oahu, by which plaintiffs claimed that the defendants had unlawfully entered the sea fishery of Auiole, of the Ahupuaa of Waikele, Ewa, and taken fish therefrom to the damage of the plaintiffs, the lessees of the said right, $300. The plaintiffs are the lessees of Mr. and Mrs. C. A. Brown, who own the land of Auiole and claim the fishery of Auiole as appurtenant to it, and defendants are lessees of Mr. James Campbell, who owns the land of Honouliuli. The case was tried on appeal before a jury in the Supreme Court in July, 1892, and a verdict rendered for the defendants. The plaintiffs moved for a new trial on the ground that the verdict was contrary to the law and the weight of evidence, and also alleged errors of law occurring during the trial, as follows:

1.   The refusal of the Court to admit in evidence, in rebuttal and in contradiction of defendants' theory of the case, the records in the case of *Akeni vs. Wong Ka Mau*, on the ground that such records ought to have been offered in chief.

2.   The refusal of the Court to admit in evidence, in rebuttal and in contradiction of the defendants' theory of the case, that the fishery of "Auiole" is not and never was subject to the "chin deep" principle sought to be established by the defendants—which principle was admitted by the plaintiffs to be applicable to the other fisheries of the lagoon.

The first ground for a new trial, that the verdict was against the weight of evidence, was not argued nor relied upon by plaintiffs.

An inspection of the records of the case and of the evidence sent up makes it clear that the evidence put in by the plaintiffs was for the purpose of showing that the fishery of "Auiole" extended out from the shore of "Auiole" into the Ewa lagoon (or what is known as the west loch of Pearl Harbor), and was bounded by certain points of land, and would include within its limits the spot where defendants had taken the fish. The contention on behalf of the defendants was that the fishery appurtenant to the land of Honouliuli extended from the shore of Honouliuli into the loch and across it to where, on the opposite

coast, a man could touch bottom with his feet. That is, all the deep water over a man's height was included within the fishery of "Honouliuli," and this would include the spot where the fish in question were taken.

It is true that an action of trespass does not necessarily involve the title, its gist being the injury to the possession; but title may be involved, and, from the way the case was put to the jury, it is clear that what was equivalent to the plea of *"liberum tenementum,"* or justification under special plea of title, was made by the defendants, and the issue for the jury to pass upon was whether the fishery of "Auiole" extended to or near the middle of the west loch, or whether it was limited to the shallow water near the shore whose depth was up to a man's chin.. The defendants contended for the "chin deep" principle; the plaintiffs contended that the fishery of "Auiole" was an exception to this principle. It was, then, the plaintiffs' case to put in all competent evidence in chief to sustain the boundaries of the fishing right as claimed by them, and the defendants having closed their case, it was not rebuttal to offer evidence of a former adjudication of a fishing right in another part of the lagoon, or to establish the exemption claimed for "Auiole" of the "chin deep" principle. These facts were what the plaintiffs' witnesses had endeavored to establish in chief, and it would have been cumulative evidence and not rebuttal if put on after the defendants had closed. Where the title is the issue in an action of trespass it becomes similar to the action of ejectment, and the burden is upon the plaintiff to prove his title.

If the record of the *Akeni vs. Wong Ka Mau* case had been offered in evidence as part of the plaintiffs' case in chief, it is impossible to ascertain from the bill of exceptions what relevancy it had to the issue then tried. If it was for the purpose of showing that another jury had found that in another part of this lagoon the boundary of the fishery of "Honouliuli" extended to the middle of the lagoon, this verdict would not be conclusive in regard to the title claimed in the present case, for an action of trespass settles nothing in regard to the title beyond the action tried. *Chandler vs. Walker,* 21 N. H., 286.

We therefore overrule the motion for a new trial on all the grounds, and the exceptions are dismissed.

*A. Rosa*, for plaintiffs-appellants.

*C. Brown*, for defendants.