## C. H. ROSE *v.* YOSHIMURA, CHOCK TONG, C. FOOK WO, C. DING SING and C. YICK LEONG.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED MARCH 25, 1897.  DECIDED APRIL 1, 1897.

JUDD, C.J., FREAR AND WHITING, JJ.

A Land Commission Award to L. was dated prior to a Land Commission Award to K. covering in part the same land; but the survey on which K.'s award was made was dated prior to the survey on which L.'s award was made. Held, the earlier award, not the earlier survey, determined the title to the land.

### OPINION OF THE COURT.

After due consideration, we are of the opinion that the decision of the Circuit Court is correct, and we adopt the opinion of the Circuit Judge, which is as follows:

"This is an action of ejectment wherein plaintiff seeks to have restitution of a certain parcel of land, containing an area of 450 square feet, situated at Kamanuwai, Honolulu, Oahu, and in the declaration more particularly described. Plaintiff claims under Land Commission Award 1700 to Liaikulani, and also by adverse possession. Defendants claim under Land Commission Award 6245 to Kalaeokekoi, and admit that they are in possession of the disputed premises.

"As to the documentary title, the facts, which are undisputed, are as follows: Plaintiff holds by mesne conveyances a portion of the land described in Land Commission Award 1700, dated August 10, 1852, upon which was based Royal Patent 1971, dated May 14, 1855; the original survey of this land was made July 29, 1852. Defendant holds by mesne conveyances a portion of the land covered by Land Commission Award 6245, dated March 3, 1854, upon which was based Royal Patent 1985, dated June 6, 1855; the original survey for the latter award was made July 17, 1851. The descriptions contained in the two awards overlap to the extent of the triangular piece now in dispute, and the question is, to whom does that piece belong? To those holding under Land Commission Award 1700, or to those holding under Land Commission Award 6245?

"Plaintiff's award, it is thus to be seen, was issued before that of defendants; plaintiff's patent also was issued before that of defendants; but defendants' original survey was made before that of plaintiff. Counsel for defendants concedes that, were it not for the fact that defendants' survey is the earlier, judgment should be entered herein for plaintiff on the strength of his prior award and patent, but contends that upon the completion of defendants' survey the title to the land in question vested in those under whom the defendants claim, and that therefore the award subsequently made to plaintiff's awardee is void and of no effect, so far as it purports to grant the same land.

"The American decisions cited by defendants' counsel in support of this contention are based, some on treaties and the

others on special statutes bearing on the subject, and consequently furnish no assistance in a determination of the present case. We have no such treaties or statutes.

"As I understand the history of land titles in this country, no such effect, as claimed, can be given to the mere survey of a piece of land. Our Supreme Court has held that neither the Mahele itself (6 Haw. 67) nor an application for an award (3 Haw. 635) gave any title, and that until an award was made by the Board of Land Commissioners, or by the Minister of the Interior (after 1860), the land must be considered to still belong to the government.

"In the 'Principles Adopted by the Board of Commissioners,' etc., the only reference to surveys is the following: '7th. Connected with each claim for land is its configuration and superficial contents, without the ascertainment and demarkation of which it were impossible to make an award, or to quiet the title as between neighboring proprietors. The Board is therefore under the necessity of causing each piece of land to be surveyed, at the claimant's expense, before awarding upon it. This is clearly contemplated by the 12th section of the law, among the expenses incidental to the proposed investigation.'

"As I read this section, there was no intention on the part of either the commissioners or the legislature that the survey, without an award, should be binding either upon the government or the claimant; on the contrary, I think that it clearly appears that the Board was to have the power to continue its investigation upon any claim even after the survey was complete, and thereafter to make its award as it saw fit. Nor is anything to the contrary to be found in said 'Principles' or in any other law or decision of ours.

"In my opinion, Land Commission Award 1700 did pass the title to the land in controversy to Liaikulani, the original patentee, and this award being of earlier date than that to Kalaeokekoi, those who now claim under the latter patentee have no title to the said land.

"In view of this conclusion, it becomes unnecessary to pass

upon plaintiff's claim of adverse possession. Let judgment be entered for plaintiff for restitution of the property claimed, and for costs as taxed by the clerk."

The exceptions are overruled and the judgment for the plaintiff is affirmed.

*A. G. M. Robertson,* for plaintiff.

*W. R. Castle* and *E. Johnson,* for defendants.