## DAVID HALE *v.* W. E. MAIKAI.

EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT.

SUBMITTED SEPTEMBER 28, 1899.   DECIDED NOVEMBER 11, 1899.

FREAR AND WHITING, JJ., AND CIRCUIT JUDGE STANLEY, IN
PLACE OF JUDD, C.J., ABSENT.

Non-suit.    Reversed.

The court ordered a non-suit, as a part of the chain of title claimed
by plaintiff was a deed from K. (w) to K. (k), and there was evi-
dence that they were husband and wife at the date of the deed,
but it further appearing that K (w) the alleged wife died in 1864,
leaving no issue and that the husband survived and was her sole
kindred, the court reverses the order of non-suit on the ground
that under Sec. 1448, Civil Code of 1859, then in force, the husband
inherited all his deceased wife's estate as her heir, and if so the
chain of title would be complete.

Sec. 1448, Civil Code, 1859  *  *  *    if the intestate be a woman and

leave no kindred but her husband, then he shall inherit all her estate."

OPINION OF THE COURT BY WHITING, J.

Exceptions from the Second Circuit Court. The plaintiff brought an action of ejectment against defendant for 59-100 acre of land situate at Waihee, Maui. At the trial, on the close of plaintiff's evidence, the defendant moved for a judgment of non-suit, 1st, on the ground that one of the deeds from which plaintiff claims title, that from Koliola to Kawahalea, is not a good and valid deed, having been made by a wife to her husband; and, 2d, because of the non-joinder of parties defendant, as it has been shown in the evidence that the land in question is now under lease to the Wailuku Sugar Company, and the Wailuku Sugar Company is a necessary party defendant.

The Circuit Court held that the deed from Koliola to Kawahalea was void; and granted the motion on the first ground and ordered judgment of non-suit. The plaintiff duly excepted.

Evidence was introduced to prove possession by defendant and to prove the title in plaintiff.

Pahia (w) testified: Knows the piece of land; defendant is in possession. The title is in David Hale. Heulu was the patentee of the land and when he died the property vested in Koliola his wife. Koliola afterwards took Kawahalea as her husband, but I don't know whether they were married or not. Koliola, Heulu's widow, then sold the property to Kawahalea, who was living with her as her husband, and Kawahalea afterwards sold the property to Hale. I am unable to say whether Koliola and Kawahalea were married. Heulu and Koliola, his wife, had no issue. On cross-examination. I was born at Lahaina; very well acquainted with Kawahalea and pretty well acquainted with Koliola. She came to my place and I to her place. We did not live close by one another. Q. "You living there and knowing these two persons so well, you did not know whether there was any relation between the two?" A. "No; I did not." I had no knowledge that Heulu and Koliola had any issue. If they had had children I certainly would have known it. Only a short time after Heulu's death, Koliola and Kawahalea came

to live together.   They were living there on the sly, but after-
wards came to live openly.   Q.   "At that time was it not noticed
that Koliola and Kawahalea were married?"   A.   "I heard
they were married.   While I was living at Lahaina with my
husband, this Kawahalea and Koliola came to see me, and that
was where the deed was made.   Kauahi wrote out the deed and
Kawahawai acknowledged it.   I heard at that time that Koliola
and Kawahalea were married.   Witness testified that Heulu was
dead.

The plaintiff put in evidence, 1st, the Royal Patent No. 6075
to Heulu for this piece of land dated February 1, 1867, L. C. A.
3997.   2d, deed from Koliola to Kawahalea dated June 15,
1864, to the same land.   "I, Koliola, the wife and heir of Heulu,
of Waihee," sell and convey, etc., to Kawahalea.   This was
proved before Kahalewai then Second Circuit Court Judge, by
the witnesses to the deed on March 28, 1865, Koliola having died
in the meanwhile and the deed not having been duly acknow-
ledged.   3.   Deed Kawahalea to David Hale dated June 17,
1870.

Kekehena (k) testified:   I was born at Waihee and lived there
ever since; know plaintiff and defendant and the land in ques-
tion.   Maikai is in possession but Hale has the right to it.   Heulu
patentee and land descended to Koliola his wife; they had no
children; Heulu died long ago.   *   *   *   Kawahalea was Koli-
ola's husband, and Koliola sold this land to her husband, Kawa-
halea.   At the time she sold the land to Kawahalea they were
husband and wife.   Do not know what time Kawahalea and
Koliola were married.   Q.   "Can you tell whether Koliola sold
this land to Kawahalea before they were married or after they
were married?"   A.   "It looked that way."   Q.   "Were they
living together some time before they were married?"   A.   "Yes,
I know they were living together before they were married."
Q.   "State whether or not you can say for certain whether or
not they were married at all, whether you were present at the
marriage or is this simply what you know from repute of the
marriage?"   A.   "I don't know.   I was not present at the mar-
riage, but I heard it talked about considerably, about their being
married."   Q.   "Did you hear this talk of their being married
after the execution of the deed, after Koliola sold the property
to Kawahalea or before that?"   A.   "I heard they were married

first, and afterwards I heard the land was sold by Koliola to Kawahalea."

There was testimony showing that Hale, the plaintiff, was a paralytic and had some fourteen years ago had possession of the land, and that since then Maikai had possession and cultivated the land, and that he had let it to the Wailuku Sugar Company who planted it in cane.

The plaintiff claims that the granting of the non-suit was error:

1. That the evidence as to marriage of Koliola and Kawahalea is conflicting and it was a question of fact for the jury whether the deed to Kawahalea was executed before or after their marriage.

2. That even if the deed to Kawahalea was void, yet Koliola being the heir of Heulu, she was entitled to the land and if she was the wife of Kawahalea at the time of her decease and left no children or issue, then Kawahalea was entitled to her interest in the land if she had no other kindred.

Marriage is a question of fact and generally one for the jury, and if the case had been submitted to the jury and they had passed upon this fact, there being evidence of marriage, we would not feel disposed to reverse the finding of the jury, but in view of the second point presented to us it will be unnecessary to decide the question of non-suit on this ground.

Koliola died between June, 1864, and March 28, 1865; and so far as the evidence shows, she left no kindred but her husband (assuming for this purpose that there was a marriage).

Section 1448 of the Civil Code of 1859 was then in force and provides that "if the intestate shall have been married and leave no kindred but widow, then she shall inherit all his estate; and if the intestate be a woman and leave no kindred but her husband then he shall inherit all her estate."

Kawahalea then, there being no other kindred of Koliola, inherited all her estate.

It is claimed by defendant that by Section 1286 of the Civil

Code of 1859 the husband of Koliola was not entitled to any of her real estate, but that, there being no issue, the property, on her decease, descended "to her heirs." But by Section 1448, *supra*, the husband in such case is the heir. See *Makea v. Nalua*, 4 Haw. 226.

On this view of the law and the evidence, which necessarily include the questions of marriage or non-marriage, the plaintiff would be entitled to go to the jury.

The second ground of the motion for non-suit is overruled. The action of ejectment, under Hawaiian statutes, is not merely a possessory action, but it tries the title as well. The Wailuku Sugar Company holds as tenant under Maikai the adverse claimant, and it is not a necessary party. The action can be maintained against Maikai without joining the Wailuku Sugar Company. *Un Wong v. Kan Chu*, 5 Haw. 225.

The exception is sustained. The order of non-suit is reversed and the case remanded for a new trial.

*Lyle A. Dickey* for plaintiff.

*J. M. Kaneakua* and *A. G. Correa* for defendant.