## FONG HING v. O. YAMAOKA.

### No. 1934.

ARGUED APRIL 24, 1930.     DECIDED MAY 6, 1930.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

This is an action of ejectment to recover apana 2, L. C. A. 1351, R. P. 5606, to Kamakaniau. The action

was commenced on May 24, 1924, and trial was had in January, 1925. The case comes to this court by writ of error.

At the trial it was stipulated that one Keopuhiwa was the common source of the title claimed by the plaintiff and of that claimed by the defendant. Keopuhiwa died in 1908, leaving surviving him a widow, Kanakaole, and nine children. The latter were Kapahu (w), Palile (k), Hana Kaluna (w), Kaai (k), Joseph, John, Kawaa (k) and Kaumalani (w). Joseph conveyed his one-ninth interest by deed of October 17, 1921, to his sisters Kapahu and Hana. (Tr. pp. 3 and 4.) Palile and Kawaa conveyed their two-ninths by deed of April 8, 1924, to the same sisters, Kapahu and Hana. Kaai and John conveyed their two-ninths by deed of April 11, 1924, to Kapahu and Hana. Kapahu and Hana in turn conveyed all their interests by deed of April 12, 1924, to Fong Hing, the plaintiff.

Kalei (w) died without issue, leaving surviving her Mololani, her husband, and Kanakaole, her mother. By descent, therefore, Kalei's one-ninth passed one-half to Mololani and one-half to Kanakaole. Kaumalani (w) died about 1911 without issue, leaving surviving her John Wahilani, her husband, and Kanakaole, her mother. By descent, therefore, Kaumalani's one-ninth passed one-half to Wahilani and one-half to Kanakaole. Wahilani conveyed his interest by deed of January 12, 1925, to the defendant. Kanakaole conveyed all of her interest by deed of April 23, 1919, to the defendant.

Mololani is dead and it was not shown who his heirs are or whether he conveyed his interest to anyone.

All of the foregoing was shown by undisputed evidence. It thus appeared, therefore, that the paper title to seven-ninths was in the plaintiff and to three-eighteenths was in the defendant and that Mololani's one-eight-

eenth was outstanding in persons unknown. The defendant being in possession at the time this action was brought, it follows, under the established rule that in ejectment a plaintiff must recover upon the strength of his own title and not upon any weakness in the defendant's title, that for the purposes of this case the defendant is to be regarded, *prima facie,* as holding an undivided four-eighteenths and the plaintiff as holding seven-ninths.

The verdict of the jury read as follows: "We, the jury, in the above entitled cause, find for the defendant.

"8 ninths

"1    "    to minor."

Subsequently judgment was by the court entered in which it was recited that the jury returned a verdict "awarding to the defendant eight-ninths of the property in question, and one-ninth to plaintiff," and in which it was ordered and decreed "that plaintiff have and recover an undivided one-ninth (1/9) interest and that defendant * * * have and recover an undivided eight-ninths (8/9) interest in and to" the property in question. The recital in the judgment that the jury returned a verdict awarding one-ninth to the plaintiff was clearly an error. The verdict awarded one-ninth "to minor," but not to the plaintiff. The judgment in this respect is not supported by the verdict. Possibly, on the other hand, this error is not available to the plaintiff as a ground for setting aside the judgment since he was not aggrieved thereby, the error being in his favor. However that may be, for other reasons the verdict cannot stand.

Against the plaintiff's showing that he had the paper title to seven-ninths three defenses were offered by the defendant. The first was that he had acquired title to the whole of the property by adverse possession. It was shown by undisputed evidence that Keopuhiwa, the agreed common source of title, in his lifetime had given a lease

of the property to one Wing Chong Sing for a term of years ending in October, 1914. In May, 1911 (Keopuhiwa had died in 1908), the widow, Kanakaole, gave a lease to the defendant of the same property for a term of fifteen years "commencing from and after the expiration of the said lease of Keopuhiwa * * * to Wing Chong Sing." Kanakaole's lease recited that the earlier lease to Wing Chong Sing was from Keopuhiwa and was dated October 12, 1899. While Kanakaole in her lease included a covenant of quiet enjoyment, she nevertheless clearly recognized by that instrument the existence of Keopuhiwa's lease and stipulated that the term which she was granting was not to begin until the expiration of Keopuhiwa's lease to Wing Chong Sing. The defendant's own testimony is that during the term of the earlier lease he paid the rent to Wing Chong Sing and not to Kanakaole. In other words, while Kanakaole's lease might be regarded as an assertion of title by the lessor, there was no attempt by her to take possession or to deliver possession to her tenant until after the expiration of the earlier lease. No other act of actual possession by Kanakaole or anyone under her, as distinguished from a mere claim of title, was shown by the evidence. The defense of adverse possession requires proof of possession and not merely of assertions or claims of title. This action was commenced in May, 1924, and therefore, upon the undisputed evidence, the defendant did not hold adverse possession for the period of ten years prior to the institution of the action.

A second defense was that Palile and Kaai, owners of two-ninths, had by their acts estopped themselves to deny that the defendant was the owner of their two-ninths interest,—the one by making representations, at a time when Kanakaole gave a mortgage of the whole land to the defendant, which would lead the defendant to believe

that Kanakaole had the title and the right to give the mortgage, and the other by acts and silence in conjunction with the execution of a deed of the whole land by Kanakaole to the defendant which would lead the defendant to believe that Kanakaole had the whole title and the right to so convey. It may be assumed for the purposes of this opinion that there was evidence sufficient to support a finding that these two sons and their successors in interest were thus estopped. As to the title, there was no claim that any of the other children were estopped and the instructions of the court, while submitting to the jury the question whether Palile and Kaai were estopped as to the title, did not present to the jury any other issue of estoppel as to title. The verdict for the defendant (for eight-ninths) cannot be justified on the theory of a finding of estoppel as to title. Two-ninths by estoppel, plus four-eighteenths by paper title, equals only four-ninths.

The third defense was that Kanakaole's lease of May 1, 1911, to the defendant was "approved" by all of Kanakaole's children and that therefore the lease was binding as against them and their successors in interest and that the lessee (the defendant) could not be deprived of possession prior to the expiration of the lease. The trial was in 1925 and the lease did not expire until 1929. The evidence was undisputed that all of the children, including Kawaa who was born December 6, 1895, did approve of the execution of the lease by Kanakaole to the defendant. But it was contradictory and not clear as to the purpose, the cause and the nature of that approval. There was room for a finding to the effect that the approval was intended to operate only for the remainder of the life of Kanakaole and not for the whole of the remainder of the term of the lease, if she should die before its expiration, and for a finding that the approval was intended not as a recognition of any title in Kanakaole but merely as a

method of contributing the rents towards her support. On the other hand, perhaps there was evidence sufficient to support a finding that Kanakaole was claiming the whole title and that the children did not wish to dispute her claims. However that may be, it may be assumed for present purposes that the evidence was sufficient to support a finding and conclusion by the jury that all of the children were estopped, for the whole term of the lease, to dispute its validity and the defendant's right to possession under it.

In submitting to the jury the question of the alleged estoppel as to defendant's right of possession under the lease, no exception was made by the trial judge in favor of Kawaa, who was a minor in 1911 when the lease was executed and in 1914 when the term of the lease commenced. Kawaa himself had testified that he had approved of his mother's giving the lease and did not testify as to any subsequent revocation of that approval. In submitting, in the sole instruction on the point, the question whether or not adverse possession had accrued, the court did make an exception in favor of the minor. It said in effect that if the jury should find from the evidence that the defendant and his grantor Kanakaole had for the statutory period held adverse possession, with all of its requisites, the verdict must be for the defendant, "save and except as to any interest owned by a minor child or children." The form of the verdict rendered, awarding eight-ninths to the defendant and one-ninth "to minor" indicates that it was based upon a finding of adverse possession and not upon any supposed estoppel as to the lease. It could not have been based solely upon any theory of estoppel as to the title because that defense at best involved only the interests of Palile and Kaai. No distinction appears in the verdict between their two ninths and the other ninths. It was error for the jury to have found the issue of ad-

verse possession in favor of the defendant because, as above stated, there was not any evidence tending to show adverse possession for the full period of ten years required by the statute.

It was error also for the court to have given defendant's instruction number three, which was duly excepted to by the plaintiff, in which the issue of adverse possession was submitted to the jury. The undisputed evidence showing that the alleged adverse possession had not continued for ten years before the bringing of the action, the issue should not have been left to the jury.

In this jurisdiction an action of ejectment decides the right to possession, but it may also decide the title. *Un Wong* v. *Kan Chu,* 5 Haw. 225, 226; *Hale* v. *Maikai,* 12 Haw. 178, 182. The verdict and the judgment in the case at bar, in the language in which they were rendered and entered, would be a bar to any subsequent litigation between the same parties or their privies relating to the title as well as to the possession. It therefore becomes important in the interest of justice to correct the errors above noted which occurred in submitting the issue of adverse possession and in basing a verdict upon a finding of adverse possession.

The verdict and the judgment are set aside and a new trial is granted.

*F. Schnack* (also on the briefs) for plaintiff in error.

*I. M. Stainback* (*Huber, Kemp & Stainback* on the brief) for defendant in error.