**\*\*\* FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER \*\*\***

**Electronically Filed
Supreme Court
SCWC-21-0000550
25-JUN-2026
11:03 AM
Dkt. 25 OP**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

ATC MAKENA N GOLF LLC, ATC MAKENA S GOLF LLC,
ATC MAKENA LAND SF1 LLC, ATC MAKENA LAND MF1 LLC,
ATC MAKENA LAND MF2 LLC, ATC MAKENA LAND MF3 LLC,
ATC MAKENA LAND C1 LLC, ATC MAKENA LAND U1 LLC,
ATC MAKENA LAND B1 LLC, ATC MAKENA LAND MF4 LLC,
ATC MAKENA LAND SF2 LLC AND ATC MAKENA LAND AH1 LLC,
Respondents/Plaintiffs-Appellees,

vs.

AZIZI KAIAMA,
Petitioner/Defendant-Appellant.

SCWC-21-0000550

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-21-0000550; CASE NO. 2CCV-20-0000099)

JUNE 25, 2026

DEVENS, C.J., McKENNA, EDDINS, AND GINOZA, JJ.,
AND CIRCUIT JUDGE NAKAMOTO, ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY DEVENS, C.J.

## I. INTRODUCTION

This appeal arises from a lawsuit for trespass and
nuisance. Respondents/Plaintiffs-Appellees ATC Makena N Golf

LLC, et al. (ATC Makena) filed suit in the Circuit Court of the Second Circuit (circuit court) seeking damages and declaratory and injunctive relief against self-represented Petitioner/Defendant-Appellant Azizi Kaiama (Kaiama). The two primary issues before us relate to a discovery sanction assessed against Kaiama and the circuit court's grant of summary judgment in ATC Makena's favor.

During the underlying proceedings, ATC Makena filed a motion to compel discovery against Kaiama. The circuit court granted the motion and awarded ATC Makena $5,067.67 in attorney fees as a discovery sanction against Kaiama. The Intermediate Court of Appeals (ICA) affirmed the sanction, finding that the circuit court did not abuse its discretion in awarding such fees. We agree.

ATC Makena also filed a motion for summary judgment (MSJ) on its claims, which the circuit court granted. As the prevailing party, ATC Makena was awarded $91,563.72 in attorney fees and costs. The ICA affirmed the summary judgment decision but vacated the award of fees and costs.[1]

We hold that because there was a genuine issue of material fact relating to ATC Makena's asserted ownership of two smaller

---

[1] ATC Makena has not appealed the ICA's vacatur of this fees and costs award.

parcels within the larger subject property, summary judgment on ATC Makena's claims as it relates to those two parcels was inappropriately granted.

## II. BACKGROUND

### A. Parcels At Issue

ATC Makena purchased Tax Parcel 108 of Tax Map Key (TMK) Number (2) 2-1-005 consisting of approximately 489 acres in the moku of Honua'ula, Maui (Property), "as is," at a public auction following a foreclosure action.[2] Relevant to this appeal are two smaller parcels within the larger Property, identified as: (1) Land Commission Award (LCA) No. 2602 / Royal Patent (RP) No. 6233, 'Āpana 2 (0.34 of an acre) in the 'ili of Manuanua, awarded to Piena on September 18, 1854; and (2) Royal Patent Grant (RPG) 1228, 'Āpana 1 (6.88 acres) in Mo'omuku and Mo'oloa, purchased by Piena on August 31, 1853 (Piena Parcels).

### B. Circuit Court Proceedings[3]

#### 1. ATC Makena's Complaint for Trespass and Nuisance

On April 16, 2020, ATC Makena filed a complaint against

---

[2]     Hawai'i land divisions include: "moku," defined in part as "district" or "island"; "ahupua'a," a "land division usually extending from the uplands to the sea"; "'ili," "usually a subdivision of an ahupua'a"; and "'āpana," defined (in part) as a "piece, slice, portion, . . . land parcel, lot[.]" Mary Kawena Pukui & Samuel H. Elbert, Hawaiian Dictionary, 252, 9, 97, 28 (6th ed. 1986).

[3]     The Honorable Peter T. Cahill initially presided; after his recusal, the Honorable Kelsey T. Kawano presided.

Kaiama for civil trespass to land (Count I) and nuisance (Count II).  ATC Makena alleged that Kaiama entered and remained on the Property, altered the land, and placed personal property and refuse there without ATC Makena's permission, and did not vacate the Property when asked repeatedly to remove herself and her things.  ATC Makena's complaint requested that the circuit court: declare Kaiama to be a trespasser to the Property; enter a writ or order and judgment of ejectment or possession divesting Kaiama and all persons claiming through her of occupancy and possession of the Property; and award attorney fees and costs in the matter.

Kaiama answered by claiming that she was "the rightful heir and owner of all Royal Patent Lands to Piena and Piena Heirs 'forever' in Moʻoloa and Moʻomuku," she had a superior claim to all "Piena Royal Lands," including ʻili (plural) within the Property, and that ATC Makena was a trespasser on the Piena Parcels.

**2.  ATC Makena's Motion to Compel Discovery; Award of Discovery Sanctions**[4]

On June 1, 2020, ATC Makena filed a motion to compel discovery from Kaiama, asserting that Kaiama's interrogatory answers were "incomplete and inadequate," and she "did not

---

[4]     Judge Kawano presided.

4

produce any documents" in response to their document requests. The motion also requested the award of the attorney fees and costs that ATC Makena incurred in making the motion as a discovery sanction against Kaiama pursuant to Hawaiʻi Rules of Civil Procedure (HRCP) Rule 37.[5]  In opposing the motion, Kaiama did not provide any discernable justification for failing to appropriately comply with ATC Makena's discovery requests.

The circuit court orally granted ATC Makena's motion to compel during a hearing held on September 16, 2020.[6]

---

[5]      HRCP Rule 37(a)(4) (eff. 2015) provided in relevant part that:

> If the motion [to compel discovery] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

HRCP Rule 37(a)(4)(A) (emphases added).

[6]      Neither party included the hearing transcript in the record on appeal. However, the circuit court's minutes, although sparse, noted in relevant part:

> - hearing held
> - court strongly urge defendant to obtain legal counsel
> - court grants motion as to all relief being requested
> - court denied the oral motion for protective order to the extent that party seem to suggest that documents should be submitted as in-court in-camera review
> - movant will prepare the order and submit proposed declaration in support for attorneys['] fees and costs

Kaiama filed a "Motion for Reconsideration of Sanctions" on September 22, 2020 and a nearly identical motion two days later.[7] Kaiama's motion did not provide a discernable reason for reconsideration of the circuit court's discovery order and award of ATC Makena's incurred fees and costs.

On September 30, 2020, the circuit court entered its written order granting ATC Makena's motion to compel discovery and request for sanctions.[8] Kaiama was ordered to turn over all requested discovery within seven days, and ATC Makena's counsel was directed to submit a declaration of their fees and costs.

On October 7, 2020, ATC Makena's counsel filed a declaration itemizing their attorney fees in the total amount of $5,067.67, which included time incurred by a paralegal.[9] On October 8, 2020, the circuit court entered a discovery sanction order awarding $5,067.67 in fees against Kaiama.

On October 16, 2020, Kaiama filed a motion to reconsider the circuit court's discovery sanction order but failed to

---

(Emphasis added.)

[7] The second motion for reconsideration mirrored the first except for added citations from the State of Hawai'i's Admissions Act, and the Kingdom of Hawai'i's constitutions of 1852 and 1864.

[8] The circuit court's October 8, 2020 order also denied Kaiama's oral motion for protective order to have the court review her documents in-camera.

[9] ATC Makena's counsel's declaration stated that they were not requesting the fees incurred by one of their attorneys (approximately $8,500.00).

contest the bases or reasonableness of the awarded fees.  The motion was denied on November 6, 2020.

**3.    ATC Makena's Motion for Summary Judgment**

On August 4, 2021, ATC Makena filed an MSJ on its claims. ATC Makena's motion included a declaration from Colleen H. Uahinui (Uahinui Declaration), who indicated that she had researched ATC Makena's title related to the Piena Parcels.[10]

Significantly, Uahinui explained that after the Piena Parcels were granted to Piena in August 1853 (RPG No. 1228) and September 1854 (LCA No. 2602), "[n]o conveyances appear of record by PIENA dealing with the subject lands, likewise, there is no probate proceeding of this estate."  She further explained that an individual identified as "Kapeka" and her husband S.W.P. Kaaiai next appear in the chain of title conveying the Piena Parcels to Mary Waiwaiole in a May 13, 1901 recorded deed.  The Uahinui Declaration appears to quote a translation of the Bureau of Conveyance's (BOC) entry of the 1901 deed, originally written in Hawaiian, where Uahinui characterizes Kapeka as "'the own daughter of Piena, deceased[.]'"[11]  But the Uahinui Declaration

_____

[10]    ATC Makena's MSJ did not reference any prior quiet title or adverse possession proceedings relating to the Piena Parcels.

[11]    ATC Makena's MSJ included the Declaration of Doris Moana Rowland (Rowland Declaration), the translator of the 1901 recorded deed.  The Rowland Declaration stated that the phrase used in the 1901 deed was "kaikamahine ponoi a Piena I make[.]"  The Rowland Declaration and the circuit court's

did not trace or explain how Kapeka came into ownership of the parcels during the nearly fifty-year gap that elapsed between the initial award and grant of the parcels to Piena in the 1850's and Kapeka's appearance and conveyance to Mary Waiwaiole in 1901. Nor did the declaration specify what Kapeka's ownership interest was in the Piena Parcels, which Kapeka purported to convey.

Uahinui concluded that following the subsequent conveyances in the "chain of title to the Piena Parcels and Subject Property, it is my opinion that title is insurable to [ATC Makena]."

ATC Makena's MSJ also included Kaiama's answer to the complaint and her answers to ATC Makena's interrogatory requests, in which Kaiama (inter alia) asserted that she was the rightful owner of the Piena Parcels and ATC Makena were not the real titled land owners; and she also provided names in her genealogy allegedly tracing back to "Piena" to whom the land award and land grant for the Piena Parcels was issued.[12]

During the September 1, 2021 hearing on ATC Makena's MSJ, Kaiama contested, among other things, the genealogy of Kapeka

---

findings slightly misquoted the exact language of the deed's phrase: "ke kaikamahine ponoi a Piena (k) i make[.]"

[12] Kaiama did not file an opposition to the MSJ.

and ownership of the Piena Parcels. The circuit court orally granted ATC Makena's MSJ.

On September 10, 2021, Kaiama filed a motion to vacate the circuit court's grant of summary judgment.

On September 22, 2021, the circuit court entered: (1) written Findings of Fact [(FOFs)], Conclusions of Law [(COLs)] and Order Granting Plaintiffs' Motion for Summary Judgment, Filed on August 4, 2021 (summary judgment order); (2) an Order Denying Non-Hearing Motion to Vacate Judgment From September 1, 2021 Hearing, Filed On September 10, 2021; (3) a Writ of Possession against Kaiama; and (4) Final Judgment for ATC Makena. The circuit court awarded ATC Makena, the prevailing party, their attorney fees and costs in the amount of $91,563.72.

Relevantly, the circuit court's FOF 6 stated that "Plaintiffs' title to the Piena Parcels is continuous and unbroken from PIENA's daughter, KAPEKA, to Plaintiffs"; and that "Through KAPEKA, Plaintiffs' title traces back to KAPEKA's father, PIENA, the original grantee of the Piena Parcels." And in COL 12, the circuit court concluded that "Plaintiffs' title to the Piena Parcels is continuous and unbroken from PIENA's daughter, KAPEKA, to Plaintiffs."

9

### 4.    ICA Proceedings

Kaiama appealed to the ICA, challenging the circuit court's grant of summary judgment, the discovery sanction against her, and the award of prevailing party attorney fees and costs to ATC Makena.

In its summary disposition order (SDO), the ICA concluded that "the circuit court found that ATC Makena's title to the subject property was continuous and unbroken, and that ATC Makena paid the property taxes since acquiring the subject property."  Further, the ICA determined that "[t]hese findings [were] not challenged and are supported by the record," citing to Okada Trucking Co. v. Bd. of Water Supply, 97 Hawai'i 450, 458, 40 P.3d 73, 81 (2002) for the principle that "[f]indings of fact . . . not challenged on appeal are binding on the appellate court[.]"

The ICA also concluded that the discovery sanction assessed against Kaiama was not an abuse of discretion.  However, the ICA found that the prevailing party award of attorney fees and costs to ATC Makena exceeded the circuit court's discretion.[13]  The ICA reversed, in relevant part, the circuit court's Final Judgment and summary judgment order pertaining to the prevailing party

_____

[13]    As stated, the ICA's vacatur of ATC Makena's prevailing party fees and costs is not before us.

fees and costs award, but otherwise affirmed.  Judgment on appeal was entered on March 20, 2025.

We granted Kaiama's application for writ of certiorari.

### III.   STANDARDS OF REVIEW

**A.   Summary Judgment**

We review the circuit court's grant or denial of summary judgment de novo.  Hilo Bay Marina, LLC v. State, 156 Hawaiʻi 478, 486-87, 575 P.3d 568, 576-77 (2025).  "[F]indings of fact made by a trial court in relation to a summary judgment ruling are not binding on appeal, nor do they alter our de novo standard of review regarding a summary judgment ruling."  Id. at 487, 575 P.3d at 577.

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  HRCP Rule 56(c) (eff. 2000).  "A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties."  Gima v. City and Cnty. of Honolulu, 156 Hawaiʻi 78, 88, 569 P.3d 1262, 1272 (2025) (quotation and citation omitted).  In reviewing a motion for summary judgment,

11

> [t]he evidence must be viewed in the light most favorable
> to the non-moving party. In other words, we must view all
> of the evidence and inferences drawn therefrom in the light
> most favorable to the party opposing the motion.

Nuuanu Valley Ass'n v. City & Cnty. of Honolulu, 119 Hawai'i 90, 96, 194 P.3d 531, 537 (2008) (quotation and citation omitted); Gima, 156 Hawai'i at 88, 569 P.3d at 1272; see HRCP Rule 56(c).

**B.    HRCP Rule 37 Sanctions**

"This court reviews the circuit court's imposition of sanctions for discovery abuse . . . under the abuse of discretion standard." Fujimoto v. Au, 95 Hawai'i 116, 137, 19 P.3d 699, 720 (2001) (cleaned up). See also Wong v. City and County of Honolulu, 66 Haw. 389, 394, 665 P.2d 157, 161 (1983) (applying the abuse of discretion standard to HRCP Rule 37 sanctions).

## IV.  DISCUSSION

This court has held that filings by self-represented litigants should be "liberally interpreted in order to promote access to justice." Erum v. Llego, 147 Hawai'i 368, 391, 465 P.3d 815, 838 (2020). So construed, Kaiama's appeal asserts that the ICA erred in affirming the circuit court's findings and conclusions related to ATC Makena's trespass and nuisance claims and the award of discovery sanctions against her.

**A.    Summary judgment was improperly granted.**

Kaiama argues that ATC Makena's MSJ provided "broken title"

12

and did not establish ownership of the Piena Parcels, and thus the ICA erred in affirming that there was no genuine issue of material fact as to ATC Makena's ownership of the Piena Parcels.[14] We agree.

In an action for trespass, the essence of the tort lies in the deprivation of or interruption in the possession. Gomes v. Perry, 26 Haw. 661, 664 (Haw. Terr. 1922). But where title is at issue in such an action, "it becomes similar to the action of ejectment, and the burden is upon the plaintiff to prove [their] title." Mew Kung Tung v. Wong Ka Mau, 8 Haw. 557, 559 (Haw. Prov. Gov. 1893). And "an action of trespass settles nothing in regard to the title beyond the action tried." Id.

This court has stated that to meet the requirements for ejectment,

> the plaintiff "must necessarily prove that [he or she] owns the parcel[] in issue," State v. Magoon, 75 Haw. 164, 175, 858 P.2d 712, 718-19 (1993); see State v. Midkiff, 49 Haw. 456, 460, 421 P.2d 550, 554 (1966), meaning that he or she must have "the title to and right of possession of" such parcel, Carter v. Kaikainahaole, 14 Haw. 515, 516 (Haw. Terr. 1902). Additionally, the plaintiff must establish that "possession is unlawfully withheld by another." Id.

Kondaur Capital Corp. v. Matsuyoshi, 136 Hawai'i 227, 241, 361 P.3d 454, 468 (2015) (brackets in original). Further, "in ejectment a plaintiff must recover upon the strength of his own

---

14    Kaiama's filings, and the record on appeal, do not present a discernable challenge to other specific parcels within the Property other than the Piena Parcels.

13

title and not upon any weakness in the defendant's title."

Midkiff, 49 Haw. at 460, 421 P.2d at 554 (quoting Fong Hing v.

Yamaoka, 31 Haw. 436, 438 (Haw. Terr. 1930)).

In Omerod v. Heirs of Kaheananui, this court observed that

> "[t]o establish legally cognizable private title to land .
> . . one must show that he or a predecessor-in-interest
> acquired a [LCA], a Royal Patent, a Kamehameha Deed, a
> Grant, a Royal Patent Grant, or other government grant for
> the land in question." [State by Kobayashi v. Zimring, 58
> Haw. 106, 114, 566 P.2d 725, 731 (1977)] (citing Thurston
> v. Bishop, 7 Haw. 421 ([Haw. Kingdom] 1888); In re Title of
> Pa Pelekane, 21 Haw. 175 ([Haw. Terr.] 1912)); see also
> Rose v. Yoshimura, 11 Haw. 30, 32 ([Haw. Rep.] 1897)
> (stating that "neither the Mahele . . . nor an application
> for an award gave any title, and . . . until an award was
> made by the [Land Commission] or by the Minister of the
> Interior (after 1860), the land must be considered to still
> belong to the government[ ]" (internal citations omitted)).

116 Hawai'i 239, 248, 172 P.3d 983, 992 (2007) (emphases added).

In the present case, ATC Makena sued Kaiama for damages, in

part, for her trespass upon the Property; and Kaiama challenged

ATC Makena's title to the Piena Parcels, a subsection of the

Property. With title challenged in a trespass claim treated

similarly to an action for ejectment, ATC Makena was required to

establish their title to the Piena Parcels (the burden of

proving title in themselves).

Reviewing de novo, we therefore examine whether ATC

Makena's evidence affirmatively established no genuine issue of

material fact as to their required showing that a predecessor in

interest acquired the land commission award and the government

14

grant for the Piena Parcels.[15]  Based on the evidence submitted
by ATC Makena, viewed in the light most favorable to Kaiama, we
conclude that there was a genuine issue of material fact as to
whether and how Kapeka acquired title to or an ownership
interest from Piena in the Piena Parcels before she purportedly
sold those parcels in the 1901 recorded deed.

The ICA stated that "the circuit court found that ATC
Makena's title to the subject property was continuous and
unbroken[.]"  Respectfully, this was a mischaracterization, as
the circuit court instead found that "Plaintiffs' title to the
Piena Parcels is continuous and unbroken from PIENA's daughter,
KAPEKA, to Plaintiffs" (emphasis added).[16]  The circuit court
then stated that "[t]hrough KAPEKA, Plaintiffs' title traces
back to KAPEKA's father, PIENA, the original grantee of the

---

[15]    In reviewing a circuit court's findings and conclusions in its summary
judgment order, an appellate court is not bound by findings unchallenged by
an appellant.  Hilo Bay Marina, 156 Hawai'i at 487-88, 575 P.3d at 577-78
(ruling that "[c]onsistent with this holding, we overrule past decisions to
the extent that they treat a trial court's unchallenged findings associated
with summary judgment rulings as binding on the appellate court").
        Here, the ICA, citing to Okada Trucking Co., 97 Hawai'i at 458, 40 P.3d
at 81, characterized the circuit court as having found that "ATC Makena's
title to the subject property was continuous and unbroken" and "that ATC
Makena paid the property taxes since acquiring the subject property"; and
then, for lack of Kaiama's express challenge of these findings, the ICA
concluded these findings were binding on the appellate court.  As the ICA's
SDO here was issued prior to our Hilo Bay Marina published decision, we note
that pursuant to Hilo Bay Marina, unchallenged findings are not binding on an
appellate court reviewing a summary judgment decision.

[16]    The circuit court repeated this in COL 12, concluding that "Plaintiffs'
title to the Piena Parcels is continuous and unbroken from PIENA's daughter,
KAPEKA, to Plaintiffs."  (Emphasis added.)

15

Piena Parcels." (Emphases added.) The circuit court did not find that ATC Makena established "continuous and unbroken" title from Piena to themselves, and more importantly, there is no evidence as to how Kapeka acquired title to or her ownership interest in the Piena Parcels in the first instance.

ATC Makena's evidence did not demonstrate how Kapeka may have acquired the Piena Parcels from Piena. The Land Commission issued Award No. 2602, 'Āpana 2 to Piena in 1854 (with RP No. 6233 issued by the Minister of the Interior on the same in June 1869), and RPG No. 1228, 'Āpana 1 was granted to Piena in 1853 by the Kingdom of Hawai'i. The Uahinui Declaration unequivocally stated that "[n]o conveyances appear of record by PIENA dealing with the subject lands, likewise, there is no probate proceeding of this estate" of Piena. And Kapeka's conveyance of her putative interest in the Piena Parcels to Mary Waiwaiole was in 1901.

The challenge to title in a trespass action requires a plaintiff recover upon the strength of their own title and not upon any weakness in the defendant's title. Midkiff, 49 Haw. at 460, 421 P.2d at 554; Fong Hing, 31 Haw. at 438.

With all reasonable inferences to be drawn from the evidence viewed in the light most favorable to Kaiama, ATC Makena's evidence presents an unexplained break of nearly five

16

decades in the chain of their claimed title to the Piena Parcels. It is unclear how the evidence that Kapeka was Piena's "kaikamahine ponoi," in the absence of other evidence, necessarily establishes Kapeka's valid receipt of a property interest in the Piena Parcels during the almost fifty years in which, according to the Uahinui Declaration, no conveyances from Piena or probate proceedings appear.

ATC Makena's evidence established a genuine issue of material fact regarding if, and how, any ownership interest in the Piena Parcels was conveyed or passed from Piena to Kapeka during the nearly half-century gap between the government's LCA and RPG in the 1850s and the 1901 deed to Mary Waiwaiole. Thus, there is a genuine issue of material fact as to ATC Makena's deraignment of title from Piena, the original awardee and grant recipient.

On this record, we hold that summary judgment was inappropriately granted on ATC Makena's claims as it relates to the Piena Parcels.

**B. The circuit court did not abuse its discretion in awarding a discovery sanction against Kaiama.**

Liberally construing Kaiama's appeal to this court, she appears to challenge the ICA's affirmance of the circuit court's discovery sanction against her.

17

Again, HRCP Rule 37 provides:

> If the motion [to compel discovery] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

HRCP Rule 37(a)(4)(A).

ATC Makena's motion to compel discovery included a request for attorney fees and costs. The exhibits and declarations submitted in support of this motion documented their counsel's attempts to meet and confer with Kaiama to address her deficient discovery responses. Kaiama's opposition to ATC Makena's motion called ATC Makena's request for attorney fees "rude" and accused their attorneys of corruption. As to the discovery requested by ATC Makena, Kaiama's filing also stated, "I did not and still don't need to show them who I am[,] only to a Supreme Court Judge because why? I AM A REAL ROYAL[.]"

The circuit court orally granted ATC Makena's motion to compel discovery and the request for attorney's fees and costs at the conclusion of the September 11, 2020 hearing on the motion.

18

Kaiama was afforded an opportunity to be heard but did not directly challenge the reasonableness of the $5,067.67 discovery sanction levied against her.[17]  Based on this record, the circuit court did not abuse its discretion, and we affirm the discovery sanction against Kaiama.

## V.  CONCLUSION

Based on the foregoing, we vacate the ICA's Judgment on Appeal in relevant part, as well as the circuit court's Final Judgment and summary judgment order in relevant part, and remand to the circuit court for proceedings consistent with this opinion.

Azizi Kaiama,
self-represented petitioner

Craig G. Nakamura,
Catherine M. Hall,
Peter A. Horovitz,
Loren K. Tilley, and
Kristine N.Y.K. Tsukiyama
for respondents

/s/ Vladimir P. Devens

/s/ Sabrina S. McKenna

/s/ Todd W. Eddins

/s/ Lisa M. Ginoza

/s/ Henry T. Nakamoto



---

[17]    The circuit court denied Kaiama's motion for reconsideration of the awarded sanction.