J. O. CARTER *v.* KOOLAU KAIKAINAHAOLE, Adminis-tratrix of the Estate of John W. Kaikainahaole, deceased.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED NOVEMBER 21, 1902.    DECIDED DECEMBER 10, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

When a mortgage has been foreclosed under the power contained
therein and under the statute, without the aid of a decree of a court
of equity, and possession is withheld from the purchaser at such
sale by the mortgagor or those holding under him, equity has no
jurisdiction, upon a bill brought solely for the purpose, to issue
a writ of possession in favor of the purchaser.

OPINION OF THE COURT BY PERRY, J.

This is a bill in equity wherein the complainant avers that at
a foreclosure sale ordered and had by the mortgagee in a certain
mortgage under the power of sale contained therein and of the
statutes applicable in such cases, he became the purchaser of the
mortgaged premises, that all the requirements of the mortgage
and of the law (detailing these to a certain extent) were complied
with, that the title to the mortgaged premises was duly perfected
in him, that he is entitled to possession and made demand for the
same upon the respondent, who is the administratrix of the estate
of the deceased mortgagor, and that the respondent refused to
surrender possession. The prayer is for an order to remove re-
spondent and all persons claiming under her from the premises
and for a writ of possession. To this bill the respondent demurred
on the ground, among others, that the complainant has a plain,
complete and adequate remedy at law and that a court of equity
has no jurisdiction to grant the relief prayed for. The demurrer
was by the lower court sustained upon the ground just mentioned

and the bill was dismissed. From that decree the cause comes by appeal to this court.

It seems clear that if the mortgage had been foreclosed by proceedings in equity and the sale ordered by the court and completed, equity would have jurisdiction, even on a subsequent and independent bill, to issue a writ of possession to remove the mortgagor or those holding under him and to put the purchaser in possession; and from this it is argued for the complainant that the same relief will be granted in equity where the foreclosure sale was, as in this case, not under a judicial decree, but under the power contained in the mortgage. We think otherwise. In the class of cases in which equity does issue writs of possession, the reason is that having already assumed jurisdiction for the purpose of foreclosing the mortgage it will retain jurisdiction to do complete justice between the parties, or, where an independent proceeding is brought, that it will make its former order effective and not compel the purchaser to resort to another and different court to secure a compliance with the decree. In this case, however, neither of these reasons can be invoked. Equity has not at any time had jurisdiction of the main subject nor has it made any decree which it is now sought to enforce. The case presented by the bill is simply that of a complainant who has the title to and right of possession of certain land and from whom possession is unlawfully withheld by another. For this wrong he has the ordinary remedy at law of an action of ejectment. The mere fact that his title and right of possession can be traced back through a mortgage and a foreclosure sale thereunder is not sufficient to give equity jurisdiction. The remedy at law is certainly plain and complete.

It is contended, however, that such remedy is not speedy and not adequate because,—and of this the court is asked to take judicial knowledge—there is a large accumulation of law cases undisposed of in the Circuit Court of the First Circuit and consequently an action of ejectment, if now instituted by this complainant, would not be heard for a long period of time, perhaps two years. There is no doubt that, upon the case being reached,

the trial and the subsequent proceedings can be speedily disposed of and that the remedy, by enforcement of the judgment, will be complete and adequate. The delay due to the present condition of the calendar in the First Circuit,—assuming the facts to be as stated by the appellant,—does not of itself render the remedy slow or inadequate within the meaning of the rule or principle in question. If the contention of complainant were permitted to prevail, the assumption or denial of jurisdiction by equity would become a matter of great uncertainty, based upon an ever-varying state of circumstances. It is to be observed, moreover, that no real or permanent improvement in conditions would follow from the adoption of the view, if such were otherwise possible, that equity could take jurisdiction whenever a trial could thus be reached at an earlier date. The result would simply be to reverse conditions and to unduly encumber the calendar of equity cases.

The decree appealed from is affirmed.

*Kinney, Ballou & McClanahan* for complainant.

*C. W. Ashford* for respondent.