*** NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER ***

Electronically Filed
Supreme Court
SCAP-19-0000457
14-FEB-2023
07:50 AM
Dkt. 13 MO

SCAP-19-0000457

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

MAKILA LAND CO., LLC,
Plaintiff-Appellee,

vs.

JONAH KE'EAUMOKU KAPU, JOHN PAUL KAPU,
Defendants-Appellants.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CAAP-19-0000457; CIV. NO. 12-1-0488)

MEMORANDUM OPINION
(By: Recktenwald, C.J., Nakayama, McKenna, Wilson And Eddins, JJ.)

## I.    INTRODUCTION

This case arises from a dispute over ownership of property in Lahaina, Maui.  On May 14, 2012, Plaintiff-Appellee Makila Land Co., LLC (Makila) filed a Complaint for Ejectment and Injunctive Relief in the Circuit Court of the Second Circuit (circuit court).  Makila subsequently filed a motion for summary judgment on its ejectment claim on January 29, 2015, which the circuit court granted.  In addition, on November 29, 2018, Makila filed a "Motion for Summary Judgment

for Defendants' Trespassing," which the circuit court granted in part. Defendants-Appellants John Paul Kapu and Jonah Ke'eaumoku Kapu (the Kapus) filed a notice of appeal and an application for transfer, which this court granted. The Kapus contend that the circuit court erroneously granted both of Makila's motions for summary judgment.

We conclude that the circuit court properly granted Makila's motion for summary judgment on the ejectment claim because the record at the time of summary judgment established that there was no genuine issue as to any material fact. However, the circuit court erroneously granted Makila's motion for summary judgment for trespassing damages because the Kapus disputed the damages amount and demanded and had a right to a jury trial.

## II.  BACKGROUND

### A.   Circuit Court Proceedings[1]

#### 1.   Makila's Complaint for Ejectment and Injunctive Relief

On May 14, 2012, Makila filed a "Complaint for Ejectment and Injunctive Relief" against the Kapus and Does 1 through 100. Makila alleged, <u>inter alia</u>, that Makila owned property located in Land Commission Award (LCA) Number 581, 'Āpana 3 of Land Patent Number 8399 within Tax Map Key (TMK) (2)

---

[1]    The Honorable Joseph E. Cardoza presided.

4-6-21-4 (the Property).  Makila requested as relief "a Writ of Ejectment and/or Possession" requiring the Kapus "and their possessions and improvements be removed from the Property" and "[t]hat possession of the Property be returned to [Makila]."  Makila also sought to "recover damages from [the Kapus] for trespassing in amounts to be proven at trial."

In their answer, the Kapus contended that they owned the Property as heirs of the original awardee and by adverse possession.  The Kapus also demanded a jury trial on "all issues so triable."

### 2.  Makila's Ejectment MSJ

Nearly three years later, on January 29, 2015, Makila filed a motion for summary judgment on its ejectment claim (Ejectment MSJ).  Makila attached, inter alia, a declaration by Colleen H. Uahinui (Uahinui Declaration) to the Ejectment MSJ.  As discussed in greater detail below, the Uahinui Declaration stated that "there is a good and complete chain of title from the source to the present titleholder, MAKILA LAND CO., LLC, a Hawaii limited liability company."

The Kapus filed an opposition to Makila's Ejectment MSJ on February 24, 2015.[2]  The Kapus contended that the documents submitted by Makila in support of the Ejectment MSJ

---

[2]    Attached to the Kapus' opposition was a Declaration of Jonah Keʻeaumoku Kapu and Exhibits A-C.

demonstrate that Makila's chain of title to the Property was broken. Makila filed a reply to the Kapus' opposition on February 26, 2015.

On March 4, 2015, the circuit court conducted a hearing on and orally granted Makila's Ejectment MSJ. The circuit court issued its corresponding order on May 6, 2015, concluding that "[t]he pleadings and evidence show that no issue exists as to any material fact about [Makila]'s paper title to the Property, and that paper title to the Property is vested in [Makila]."[3] That same day, the circuit court issued a writ of ejectment, which ordered the Kapus to vacate the Property and return possession of the Property to Makila.

### 3. Makila's Damages MSJ

On November 29, 2018, Makila filed a "Motion for Summary Judgment for Damages for Defendants' Trespassing" (Damages MSJ).[4] Makila contended, inter alia, that it was "entitled to damages equal to the fair rental value and/or the reasonable value of the use of the Property for the period of trespass" (use damages) and was "also entitled to damages

---

[3] The circuit court also concluded that "[t]he pleadings and evidence show that no issue exists as to any material fact about the Kapu Defendants' paper title and title by adverse possession counterclaims to the Property, and that neither paper title nor title by adverse possession to the Property is vested in the Kapu Defendants."

[4] Attached to Makila's Damages MSJ were a Declaration of Michael W. Gibson, a Declaration of Keoni Gomes, a Declaration of Ted Yamamura, and Exhibits A, B, and C.

relating to the removal of unpermitted structures erected on the property during the trespass" (removal damages).[5]  Based on the Declaration of Ted Yamamura, Makila alleged the use damages amounted to $1,405.00 per year, and contended that Jonah Keʻeaumoku Kapu had been on the Property since 1997.

The Kapus filed a "Memorandum in Opposition to Plaintiff's Motion for Summary Judgment on Damages" (Opposition to Damages MSJ)[6] and attached a Declaration of Jonah Keʻeaumoku Kapu.[7]  The Kapus argued, inter alia, that Makila could not seek "damages for a term beginning prior to the filing of the complaint on May 14, 2012," Makila's claim of entitlement to damages was precluded by laches, and the Declaration of Ted Yamamura did not consider a water line and burials on the Property.  In addition, the Kapus contended that they were entitled to a jury trial to determine how the water line and burials impacted the Property's value.  Makila filed a reply to

---

[5]     On May 1, 2019, Makila and the Kapus agreed to dismiss without prejudice Makila's claim for removal damages.  Thus, only use damages are presently at issue.

[6]     In addition, after Makila filed the Damages MSJ, the Kapus filed three motions: (1) a motion to dismiss or partially dismiss the complaint; (2) a motion to stay the proceeding or, in the alternative, order the parties to alternate dispute resolution; and (3) a motion for reconsideration of the order granting ejectment and the writ of ejectment.  The circuit court denied all three motions.

[7]     The Declaration of Jonah Keʻeaumoku Kapu provided an alternate calculation of removal damages but did not provide an alternate calculation of use damages.

the Kapus' Opposition to Damages MSJ and attached a declaration and exhibit.

On January 30, 2019, the circuit court conducted a hearing on Makila's Damages MSJ. The circuit court orally granted Makila's Damages MSJ with respect to use damages. The circuit court issued its corresponding order on February 13, 2019.[8]

### 4.    The Related Appeal

The Intermediate Court of Appeals (ICA) issued a decision in Makila Land Co., LLC v. Kapu, 144 Hawai'i 67, 435 P.3d 1081 (App. 2019), vacated, 152 Hawai'i 112, 522 P.3d 259 (2022) (the related appeal) on February 28, 2019, which involved the same parties and a nearby parcel of land. In the related appeal, the ICA reviewed the circuit court's decision after a remand to the circuit court by the ICA to address a gap in Makila's chain of title, which arose because the deed from Makila's immediate predecessor-in-interest, Pioneer Mill Company, identified the subject parcel by TMK number but not the original LCA number. On remand, Makila submitted a surveyor's declaration confirming that the TMK number identified in the

---

[8]    The circuit court granted Makila's Damages MSJ "with respect to [Makila]'s claim for damages for the fair market value for rent during the period of 1997 to 2017." Thus, the circuit court determined that Makila was "entitled to summary judgment in its favor against [the Kapus] in the total amount of $25,290.00, which is based on the reasonable and undisputed annual fair market rental valuation of $1,405.00."

Pioneer Mill Company deed included the LCA from which Makila traced its original title.  The circuit court entered judgment in Makila's favor, which the ICA affirmed.

5.    **Makila's Motion to Supplement**

On March 15, 2019, after the ICA's decision in the related appeal, Makila filed a "Motion to Supplement Record" (Motion to Supplement) in the instant case with a surveyor's declaration to establish that the deed from Pioneer Mill Company to Makila included LCA 581 and ʻĀpana 3.  Makila attached, inter alia, a declaration from Reed M. Ariyoshi (Ariyoshi Declaration) to its Motion to Supplement.  As discussed in greater detail below, the Ariyoshi Declaration noted that Ariyoshi "plotted the boundaries of Apana 3 of Land Commission Award 581 . . . using standard engineering and surveying practices" and "conclude[d] that the Pioneer Mill Deed's description of TMK (2)4-6-21:4 includes Apana 3 of Land Commission Award No. 581."

On May 22, 2019, the circuit court orally granted Makila's Motion to Supplement at a hearing on the motion:

> In light of the history of this case as well as the -- what I'll call the related case [related appeal], I am of the view that for purposes of judicial economy, it makes sense to grant this motion. . . .
> So I think it -- it -- for purposes of judicial economy, it just creates a better circumstance for all concerned in the sense that if it's appropriately -- if it's appropriate to consider that, then it can be considered by the appellate court.  If it's inappropriate, the appellate court can simply choose not to consider it.
> And so I'm going to grant the motion. . . .

On June 10, 2019, the circuit court issued a written order granting Makila's Motion to Supplement the record with a surveyor's declaration.

That same day, the circuit court issued its Final Judgment, which provided:

> 1.    Pursuant to the Writ and Ejectment Order, it is ordered that Defendants and their possessions and improvements be removed from the Property, and possession of Apana 3 of Land Commission Award 581 situate within TMK (2) 4-6-21:04 ("Property") be returned to Plaintiff.
>
> 2.    Pursuant to the Writ of Ejectment and Order, it is ordered that the Defendants and their assigns, heirs, agents, servants, employees, guests, invitees, and others acting under their direction and authority, are enjoined and restrained from entering the Property, from using the same for any purpose, from interfering with Plaintiff's access to the Property, and from interfering in any other way with Plaintiff's possession, use and enjoyment of the Property.
>
> 3.    Pursuant to the Damages Order, judgment is entered in favor of Plaintiff and against Defendants, jointly and severally, in the total amount of $25,290.00.
>
> 4.    This Final Judgment disposes of all the claims and prayers for relief raised by any and all parties in this action, there are no remaining claims or parties other than those set forth herein, and all other claims are hereby dismissed.

B.    **The Kapus' Appeal and Application for Transfer**

The Kapus filed a notice of appeal on June 23, 2019. The Kapus filed an opening brief on September 29, 2019, arguing that the circuit court erred by granting (1) "summary judgment to [Makila] on May 6, 2015 where genuine issues of material fact existed as to [Makila]'s entitlement to the writ of ejectment, [the Kapus]' adverse possession of the parcel, and other errors;" (2) "summary judgment to [Makila] and thereby bypassing

8

quiet title requirements and imposing improper burdens on [the Kapus], where the action was styled as seeking a writ of ejectment and injunctive relief;" (3) "injunctive relief to [Makila] because the circuit court lacked jurisdiction to issue such injunctive relief where a writ of ejectment was present;"[9] (4) "an award of damages to [Makila] where facts material to genuine issues were disputed and [the Kapus] had filed a demand for jury;" (5) "an award of damages to [Makila] where [Makila] failed to diligently prosecute its claims and prejudiced [the Kapus]' rights of appeal;" and (6) [Makila]'s motion to supplement the record."

On January 6, 2020, the Kapus filed an application for transfer, which this court granted on February 7, 2020.

### III. DISCUSSION

**A.    The circuit court properly granted Makila's Ejectment MSJ based on the record at the time of summary judgment.**

As an initial matter, the circuit court properly granted Makila's Ejectment MSJ.  The circuit court properly considered the Ariyoshi Declaration attached to Makila's Motion

---

[9]    Although the Kapus raise a point of error with respect to the circuit court granting injunctive relief, the record appears to show that the circuit court did not issue an injunction.  The writ of ejectment could be interpreted as an injunction because it ordered the Kapus to vacate the Property and return possession of the Property to Makila.  However, the parties appear to reference a separate injunction other than the writ of ejectment, but no such injunction appears in the record.  Thus, this memorandum opinion does not discuss the injunction issue raised by the Kapus any further.

to Supplement.[10]  Even if the circuit court improperly granted Makila's Motion to Supplement and considered the Ariyoshi Declaration, the evidence before the circuit court at the time of summary judgment establish that the circuit court correctly granted the Ejectment MSJ.

Makila attached a declaration to the Ejectment MSJ and the Motion to Supplement.  Notably, both declarations standing alone demonstrate that TMK No. (2) 4-6-21-4 includes LCA 581 and 'Āpana 3.  Makila attached, inter alia, the Uahinui Declaration to its Ejectment MSJ.  The Uahinui Declaration provided in relevant part:

> 3.    Under Title Guaranty's Order No. 201051639, a search of title was conducted on all of that certain parcel of land, being all of the land described in and covered by Apana 3 of Land Patent Number 8399, Land Commission Award

---

[10]    The circuit court properly considered the Ariyoshi Declaration, which was attached to Makila's Motion to Supplement.  The Motion to Supplement was filed pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 7 and Rules of the Circuit Courts of the State of Hawai'i (RCCH) Rule 7, 7.1, and 7.2.  HRCP Rule 7 and RCCH Rules 7, 7.1, and 7.2 are the rules governing filing motions before the circuit court.  It appears that Makila complied with those rules when it filed the Motion to Supplement.  Thus, it was within the circuit court's discretion to grant the Motion to Supplement.

Furthermore, Hawai'i Revised Statutes (HRS) § 603.9(1) and (6), which codifies the inherent powers doctrine, appear to allow for Makila's Motion to Supplement.  See Bank of Hawaii v. Kunimoto, 91 Hawai'i 372, 393, 984 P.2d 1198, 1219 (1999).  As Makila pointed out in its answering brief,

> Here, the requested relief sought to bring finality to this case and promote judicial economy, which serves the ends of justice - it would have been a great injustice, and waste of resources, for this case to go up on appeal, only to come back down simply to address the very limited issue addressed by the Ariyoshi Declaration (as was the case in the Related Appeal).

Thus, it was within the circuit court's discretion to exercise its inherent power to grant Makila's Motion to Supplement in the interest of justice and to promote judicial economy.

Number 581 to S. Laahili, situate, lying and being at Puehuehuiki, District of Lahaina, Island and County of Maui, State of Hawaii, bearing Tax Key designation (2)4-6-021-004 and hatched on map attached hereto and marked as EXHIBIT "1" (the "subject land").

4.    I examined or supervised the examination of the indices at the Bureau of Conveyances of the State of Hawaii, the land records at the Department of Land and Natural Resources, records at the State Archives, records at the Real Property Tax Assessor's Office for the Department of Finance of the County of Maui, the records at the Supreme Court and Circuit Court of the Second Circuit, State of Hawaii.

5.    Based on my research or under my supervision, a Statute Title Report was issued under Title Guaranty's Order No. 201051639 covering the subject land.

6.    The chain of title for the subject land is as follows:

A.    Land Commission Award Number 581 was issued to S. LAAHILI on March 8, 1855, comprising of 4 apana.  The subject land of this declaration is Apana 3, containing an area of 6 eka and 2 ruda at Puehuehuiki, Ahupuaa of Lahaina, Island of Maui.  A certified copy of same is attached hereto and marked as EXHIBIT "2".  A copy of the translation from Hawaiian to English by Doris Moana Rowland is attached hereto as EXHIBIT "2T".

B.    Land Patent Number 8399 was issued thereon on May 11, 1928.  A certified copy of same is attached hereto and marked as EXHIBIT "3".  A copy of the translation from Hawaiian to English by Doris Moana Rowland is attached hereto and marked as EXHIBIT "3T".

C.    No conveyances appear of record by S. LAAHILI dealing with the subject land and died on December 24, 1854 at Lahaina.  His estate was probated in the Supreme Court as Probate Number 569.  Proceedings therein show he was survived by his widow, KELIIOKAHEKILI (w) and two sons, PAUKEA (k) and ISAAKA (k); and he left land at Puehuehuiki, besides other lands.  The decedent's Last Will and Testament dated September 27, 1854 does not devise the land at Puehuehuiki, and was admitted to probate on September 26, 1855.  By the laws of intestacy in operation at the time of the decedent's death, the land at Puehuehuiki passed to the decedent's children.  Settlement of the Administrator's Accounts by Kaumaea filed on February 23, 1859 shows the sole surviving child was PAUKEA (k).  A certified copy of the probate proceedings is attached hereto and marked as EXHIBIT "4".  A certified copy of the translation from Hawaiian to English by Doris Moana Rowland is attached hereto and marked as EXHIBIT "4T".

11

D.     By deed dated May 2, 1871, recorded in Liber 36 at Page 428, S. Kapaukea (k) conveyed to AND. J. LAWRENCE "all of my farmland situate at Puehuehuiki, Lahaina as described in Land Commission Award Number 581 excepting what I previously conveyed being seven acres".  A copy of same is attached hereto and marked as EXHIBIT "5".  A copy of the translation of this document from Hawaiian to English by Doris Moana Rowland is attached hereto and marked as EXHIBIT "5T".

Prior to the execution of the foregoing deed, S. KAPAUKEA executed the following deeds:

(1)     Deed dated September 23, 1859, recorded in Liber 26 at Page 34, conveying to HONOLII a 44-1/2 rod (approximately 12,115 square feet or 0.278 acre) parcel.  This parcel currently bears Tax Key designation (2)4-6-013-portion 001 and is not the subject land of this action;

(2)     Deed dated November 19, 1868, recorded in Liber 26 at Page 426, conveying to JAMES CAMPBELL and HENRY TURTON two pieces of land, one at Puehuehuiki (area undetermined, however, the described parcel appears to be bounded on all sides by roads and appears to be describing Apana 1 of Land Commission Award Number 581 which contains an area of 4 acres, 2 ruda and 32 roda, approximately 4.7 acres) and the other at Puehuehunui (containing an area of 3 roods and 25 links, being approximately 32,681 square feet or 0.75 acre).  The former currently bears Tax Key designation (2)4-6-004-015, 028, 029 and 030 and the latter currently bears Tax Key designation (2)4-6-004-011, portion 005, portion 012, portion 026, portion 023 and portion 022.  Both these parcels are not the subject land of this action; and

(3)     Warranty Deed dated February 24, 1869, recorded in Liber 28 at Page 42, conveying to JAMES CAMPBELL and HENRY TURTON a 1-1/2 acre parcel at Puehuehuiki, which currently bears Tax Key designation (2)4-6-013-portion 001.  This parcel is not the subject land of this action.

The total area conveyed by the preceding three deeds equals approximately 7.228 acres, more or less.

E.     By Warranty Deed dated May 2, 1871, recorded in Liber 36 at Page 428, ANDREW J. LAWRENCE conveyed to CAMBPBELL and TURTON.  A certified copy of same is attached hereto and marked as EXHIBIT "6".

F.     By Deed dated June 16, 1877, recorded in Liber 51 at Page 10, JAMES CAMPBELL conveyed one-half of his lands to HENRY TURTON.  A certified copy of same is attached hereto and marked as EXHIBIT "7".

12

G.  By Deed dated October 15, 1855, recorded in Liber 93 at Page 430, HENRY TURTON (and wife, A. H. Turton) conveyed the subject land, besides other lands, to J. F. HACKFELD.  A certified copy of same is attached hereto and marked as EXHIBIT "8".

H.  By Deed dated October 15, 1885, recorded in Liber 93 at Page 444, J. F. HACKFELD conveyed the subject land, besides other lands, to JAMES CAMPBELL and PAUL ISENBERG.  A certified copy of same is attached hereto and marked as EXHIBIT "9".

I.  By Deed dated June 29, 1889, recorded in Liber 118 at Page 104, JAMES CAMPBELL (and wife, Abigail Campbell) conveyed his undivided ½ interest in the subject land, besides other lands, to C. F. HORNER.  A certified copy of same is attached hereto and marked as EXHIBIT "10".

J.  By Deed dated June 29, 1895, recorded in Liber 154 at Page 222, C. F. HORNER (and wife, Sarah L. Horner) and PAUL ISENBERG (by his attorney-in-fact, J.F. Hackfeld) conveyed the subject land, besides other lands, to PIONEER MILL COMPANY, LIMITED, a Hawaiian corporation.  A certified copy of same is attached hereto and marked as EXHIBIT "11".

K.  By Deed and Reservation of Rights dated January 16, 2001, recorded as Document No. 2001-006059, PIONEER MILL COMPANY, LIMITED, a Hawaii corporation, conveyed the subject land, besides other lands, to MAKILA LAND CO., LLC, a Hawaii limited liability company.  A certified copy of same is attached hereto and marked as EXHIBIT "12".

7.  Based on the foregoing and my research of same, I believe there is a good and complete chain of title from the source to the present titleholder, MAKILA LAND CO., LLC, a Hawaii limited liability company.

8.  Based on my research, I find no record of any judicial action that either JOHN PAUL KAPU and/or JONAH KEEAUMOKU KAPU have been determined as heirs of LAAHILI, the awardee of Land Commission Award Number 581.

Makila attached, _inter alia_, the Ariyoshi Declaration to its Motion to Supplement.  The Ariyoshi Declaration provided in relevant part:

3.  I have reviewed the following:

a.  Land Commission Award 581 and an English translation of the same, which are attached to _Plaintiff's Summary Judgment Motion_ filed on

13

January 29, 2015 ("Motion") as Exhibit 2 and Exhibit 2T, respectively.

b.  The annotated tax map that is attached to the Motion as Exhibit 1 ("Annotated Map"); and

c.  The Deed and Reservation of Rights dated January 16, 2001, recorded as Document No. 2001-006059 from Pioneer Mill Company, Limited as grantor, to Makila Land Co., LLC as grantee ("Pioneer Mill Deed"), which is attached to the Motion as Exhibit 12.

4.  Additionally, I plotted the boundaries of Apana 3 of Land Commission Award 581 (as described therein) using standard engineering and surveying practices.

5.  Based on the foregoing, I conclude that the Pioneer Mill Deed's description of TMK (2)4-6-21:4 includes Apana 3 of Land Commission Award No. 581.

The Uahinui Declaration, which was attached to Makila's Ejectment MSJ, establishes that TMK No. (2) 4-6-21-4 includes LCA 581 and ʻĀpana 3 for three reasons.  First, the plain language of the Uahinui Declaration states that TMK No. (2) 4-6-21-4 includes LCA 581 and ʻĀpana 3.  The Uahinui Declaration provides that

a search of title was conducted on all that certain parcel of land, being all of the land described in and covered by Apana 3 of Land Patent Number 8399, Land Commission Award Number 581 to S. Laahili, situate, lying and being at Puehuehuiki, District of Lahaina, Island and County of Maui, State of Hawaii, bearing Tax Key designation (2)4-6-021-004 and hatched on map attached hereto and marked as Exhibit "1" (the "subject land").

(Emphasis added.)  In other words, the subject of the Uahinui Declaration was "land described in and covered by Apana 3 of Land Patent Number 8399, Land Commission Award Number 581 . . . , bearing Tax Key designation (2)4-6-021-004 . . . ."  With respect to ownership of the Property, the Uahinui

14

Declaration states that "there is a good and complete chain of title from the source to the present titleholder, MAKILA LAND CO., LLC, a Hawaii limited liability company."  Thus, the Uahinui Declaration asserts that Makila was the titleholder of the parcel of land bearing TMK No. (2) 4-6-21-4, which included LCA 581 and 'Āpana 3.

Second, the exhibits attached to the Uahinui Declaration demonstrate that TMK No. (2) 4-6-21-4 includes LCA 581.[11]  For example, attached to the Uahinui Declaration was Exhibit 1, a map which shows that TMK No. (2) 4-6-21-4 includes LCA 581.[12]  In addition, the other exhibits attached to the Uahinui Declaration establish a chain of title from the original grantor of the Property to Makila.  These other exhibits mention LCA 581 when describing the Property.

Third, the Ariyoshi Declaration, which was attached to Makila's Motion to Supplement and concludes that TMK No. (2) 4-6-21-4 includes LCA 581 and 'Āpana 3, largely reviewed exhibits attached to Makila's Ejectment MSJ to support the conclusion that TMK No. (2) 4-6-21-4 includes LCA 581 and 'Āpana 3. Specifically, the Ariyoshi Declaration references Exhibit 1,

---

[11]     The exhibits attached to the Ejectment MSJ do not appear to mention 'Āpana 3.  However, the Uahinui Declaration specifically stated that TMK No. (2) 4-6-21-4 includes LCA 581 and 'Āpana 3.

[12]     Although Exhibit 1 is difficult to read, the shaded portion of the map appears to include LCA 581.

15

Exhibit 2, Exhibit 2T, and Exhibit 12, which were all attached to the Uahinui Declaration.  In addition, the Ariyoshi Declaration stated:

> 4.  Additionally, I plotted the boundaries of Apana 3 of Land Commission Award 581 (as described therein) using standard engineering and surveying practices.
>
> 5.  Based on the foregoing, I conclude that the Pioneer Mill Deed's description of TMK (2)4-6-21:4 includes Apana 3 of Land Commission Award No. 581.

The Ariyoshi Declaration's conclusion that "TMK (2)4-6-21:4 includes Apana 3 of Land Commission Award No. 581" was thus based in part on Ariyoshi's review of the exhibits already before the circuit court when Makila filed the Ejectment MSJ.

Thus, Makila established that TMK No. (2) 4-6-21-4 includes LCA 581 and ʻĀpana 3 at the time its Ejectment MSJ was granted.  Although the Uahinui Declaration did not expressly state that "TMK (2)4-6-21:4 includes Apana 3 of Land Commission Award No. 581" like the Ariyoshi Declaration, the Uahinui Declaration provides the same information.

## B.   Makila presented a prima facie case for its ejectment claim.

Makila satisfied its summary judgment burden on its ejectment claim.  This court has stated that

> In order to maintain an ejectment action, the plaintiff "must necessarily prove that [he or she] owns the parcel[] in issue," State v. Magoon, 75 Haw. 164, 175, 858 P.2d 712, 718-19 (1993); see State v. Midkiff, 49 Haw. 456, 460, 421 P.2d 550, 554 (1966), meaning that he or she must have "the title to and right of possession of" such parcel, Carter v. Kaikainahaole, 14 Haw. 515, 516 (Haw. Terr. 1902).  Additionally, the plaintiff must establish that "possession is unlawfully withheld by another."  Id.

16

Kondaur Capital Corp. v. Matsuyoshi, 136 Hawaiʻi 227, 241, 361 P.3d 454, 468 (2014) (brackets in original).  As discussed below, Makila established that (1) Makila had "the title to and right of possession of" the Property; and (2) possession of the Property was "unlawfully withheld by another."  See id.

1.  **Makila had "the title to and right of possession of" the Property.**

In an ejectment action, the plaintiff is required to prove that it owns the parcel at issue.  Id. (citing Magoon, 75 Haw. at 175, 858 P.2d at 718-19).  In other words, the plaintiff "must have 'title to and right of possession of' such parcel." Id. (quoting Carter, 14 Haw. at 516).  A "plaintiff's prima facie case can be made in various ways, but is usually done by bringing forward evidence of the initial land grant award and tracing ownership forward to the plaintiff through 'mesne conveyances, devise, or descent' or through evidence of adverse possession, as provided in the quiet title statute." Alexander & Baldwin, Inc. v. Silva, 124 Hawaiʻi 476, 482, 248 P.3d 1207, 1213 (App. 2011).[13]

---

[13]    Although Alexander & Baldwin involved a quiet title action, the plaintiff in a quiet title action "has the initial burden to prove a title in or to the land in dispute."  124 Hawaiʻi at 482, 248 P.3d at 1213.  This is similar to an ejectment action, where a plaintiff "must necessarily prove that [he or she] owns the parcel[] in issue," which means the plaintiff "must have 'the title to and right of possession of' such parcel."  Kondaur Capital Corp. v. Matsuyoshi, 136 Hawaiʻi 227, 241, 361 P.3d 454, 468 (2015).

Here, Makila has made its prima facie case by producing evidence of the initial land grant award and tracing ownership forward to Makila at the time Makila filed the Ejectment MSJ.  The Uahinui Declaration and the exhibits attached to the Uahinui Declaration trace ownership of the Property from the initial land grant award to Makila.  Thus, Makila made a prima facie showing that it has "title to and right of possession of" the land at issue.  See Kondaur Capital Corp., 136 Hawai'i at 241, 361 P.3d at 468 (quoting Carter, 14 Haw. at 516).

2.    **Makila established that "possession is unlawfully withheld by another."**

The plaintiff in an ejectment action must also demonstrate that "possession is unlawfully withheld by another." Id.  Here,[14] Makila demonstrated that possession was unlawfully withheld by the Kapus based on the documentary evidence Makila presented at the time of summary judgment, including the Uahinui

---

[14]    In its answering brief before the ICA, Makila contended that

> Makila's burden of production on the second element of ejectment (unlawful possession of defendant) was supported by [the Kapus] own admissions of record that they were in possession of the Property . . . . Makila further supported the se cond [sic] element by pointing to the absence of any evidence making such possession lawful (e.g., title by paper title or adverse possession). . . . Makila also presented evidence of sworn statements from [the Kapus] in which [the Kapus] claimed title to nearby lands, but not the Property . . . .

18

Declaration and exhibits attached thereto,[15] which demonstrated that Makila had title to and right of possession of the Property. In contrast, the Kapus presented no documentary evidence that the Kapus held title to the Property. Instead, the Kapus contended that Makila's chain of title was broken and asserted in their pleadings that the Kapus owned the Property through inheritance as heirs of the original owner or by adverse possession. In addition, the Kapus did not deny occupying the Property. Thus, Makila demonstrated that it had title to and right of possession of the Property, and that possession of the Property was unlawfully withheld by the Kapus.

**C.  The circuit court erroneously granted Makila's Damages MSJ with respect to use damages because the Kapus disputed the damages amount and demanded and had a right to a jury trial.**

Although the circuit court properly granted Makila's Ejectment MSJ, the Kapus correctly assert that "[t]he circuit court reversibly erred by granting an award of damages to [Makila] where facts material to genuine issues were disputed and [the Kapus] had filed a demand for jury."

The Hawai'i Constitution states that "[i]n suits at common law where the value in controversy shall exceed five thousand dollars, the right of trial by jury shall be preserved.

---

[15]     As discussed above, Makila presented documentary evidence tracing title of the Property from the original land grant to Makila.

The legislature may provide for a verdict by not less than three-fourths of the members of the jury."  Haw. Const. art. I, § 13; see also Hawai'i Rules of Civil Procedure Rule 38(a) ("The right of trial by jury as given by the Constitution or a statute of the State or the United States shall be preserved to the parties inviolate.").

This court has stated:

> As the Hawai'i Constitution notes, the right to a jury trial is preserved for suits at common law.  "The test to determine whether a suit is at common law is . . . whether the cause of action seeks legal or equitable relief."  Lee v. Aiu, 85 Hawai'i 19, 29, 936 P.2d 655 (1997) (internal quotation marks omitted).  Thus, "courts look to the nature of the remedy to determine whether a jury trial is warranted."  Id.

In re Marn Family, 141 Hawai'i 1, 8, 403 P.3d 621, 628 (2016).

This court has also stated that monetary damages are a form of legal relief:

> Traditional forms of "legal" relief include compensatory and punitive damages.  See [Mehau v. Reed, 76 Hawai'i 101, 110, 869 P.2d 1320, 1329 (1994)] (noting that plaintiff who sought monetary damages based upon invasion of privacy sought legal, rather than equitable, relief); Ross v. Stouffer Hotel Co. (Hawai'i) Ltd., Inc., 76 Hawai'i 454, 463, 879 P.2d 1037, 1046 (1994) (noting that compensatory and punitive damages are traditional legal remedies).

SCI Mgmt. Corp. v. Sims, 101 Hawai'i 438, 446, 71 P.3d 389, 397 (2003).

Here, the Kapus had a right to a jury trial on Makila's claim for monetary damages because the Kapus demanded a jury trial and disputed the damages amount.  In the Damages MSJ, Makila sought monetary damages for the Kapus' wrongful

20

possession of and trespass on the Property. In addition, Makila's Complaint for Ejectment and Injunctive Relief sought to "recover damages from [the Kapus] for trespassing in amounts to be proven at trial." Thus, Makila's Damages MSJ sought legal relief in the form of monetary damages for trespassing. See id.

Furthermore, the Kapus demanded a jury trial in their answer to Makila's Complaint for Ejectment and Injunctive Relief on "all issues so triable." The record does not appear to indicate that the Kapus ever rescinded or waived their demand for a jury trial. Furthermore, in the Opposition to Damages MSJ, the Kapus contended that burials on the Property decreased the Property's value. The Kapus also argued that heavy machinery cannot be used on much of the Property due to a water line on the Property. The Kapus maintained that Makila did not consider the burials and water line on the Property when calculating use damages and that they were entitled to a jury trial on use damages. Thus, because Makila sought legal relief in the form of monetary damages, the Kapus disputed the damages amount, and the Kapus demanded and had a right to a jury trial on Makila's claim for monetary damages, the circuit court erroneously granted Makila's Damages MSJ with respect to use damages.[16] Instead of granting in part Makila's Damages MSJ, the

---

[16] Makila cited to Krog v. Koahou, 133 Hawai'i 186, 324 P.3d 996 (2014), an unpublished memorandum opinion, in support of the Damages MSJ. Although the

21

circuit court should have conducted a jury trial on Makila's claim for monetary damages.

## IV.  CONCLUSION

The circuit court properly granted Makila's Ejectment MSJ because Makila established that TMK No. (2) 4-6-21-4 includes LCA 581 and 'Āpana 3 at the time of summary judgment. However, the circuit court mistakenly granted Makila's Damages MSJ with respect to use damages because the Kapus disputed the damages amount and demanded and had a right to a jury trial.  We therefore affirm in part and vacate in part the circuit court's Final Judgment.  The case is remanded to the circuit court for proceedings consistent with this opinion.

DATED:  Honolulu, Hawai'i, February 14, 2023.

| | |
|---|---|
| Lance D. Collins and Bianca K. Isaki for for defendants-appellants | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Michael W. Gibson, Francis P. Hogan, and Benjamin M. Creps for plaintiff-appellee | /s/ Sabrina S. McKenna |
| | /s/ Michael D. Wilson |
| | /s/ Todd W. Eddins |



_Krog_ court affirmed the circuit court's award of damages to Respondent for Petitioners trespass and wrongful possession of property, there was no demand for a jury trial.  See _Krog_, 133 Hawai'i 186, 324 P.3d 996.  Thus, _Krog_ is distinguishable from the instant case.